

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>NASER JASON ABDO,<br><br>    Defendant. | CRIMINAL NO. W-11-CR-182<br><br>SUPERSEDING INDICTMENT<br><br>[VIO: COUNT ONE: 18 U.S.C. 2332a(a)(2)(D) -- Attempted Use of a Weapon of Mass Destruction; COUNT TWO: 18 U.S.C. 1114(3) and 1113 -- Attempted Murder of Officers or Employees of the United States; COUNT THREE and COUNT FIVE: 18 U.S.C. 924(c)(1)(A)(i) -- Possession of a Weapon in Furtherance of a Federal Crime of Violence [Firearm]; COUNT FOUR and COUNT SIX: 18 U.S.C. 924(c)(1)(A) and (B)(ii) -- Possession of a Weapon in Furtherance of a Federal Crime of Violence [Destructive Device] |

**THE GRAND JURY CHARGES:**

<u>COUNT ONE</u>
[18 U.S.C. § 2332a(a)(2)(D)]

On or about July 27, 2011, in the Western District of Texas, and elsewhere, the Defendant,

**NASER JASON ABDO,**

did knowingly and unlawfully attempt to use a weapon of mass destruction, as defined in Title 18, United States Code, §2332a(c)(2)(A), that is, a destructive device, as defined in section 921 of Title 18, meaning an explosive bomb or similar device, against any person or property within the United States; and the offense, or the results of the offense, would have affected interstate commerce, all in violation of Title 18, United States Code, Section 2332a(a)(2)(D).

## COUNT TWO
**[18 U.S.C. § 1114(3) & 1113]**

In or about July, 2011, up to and including July 27, 2011, in the Western District of Texas, and elsewhere, the Defendant,

**NASER JASON ABDO,**

unlawfully did attempt to kill, with pre-meditation and malice aforethought, officers or employees of the United States Department of Defense, to wit, members of the uniformed services of the United States, engaged in or on account of the performance of official duties, by attempting to build and to detonate a destructive device, and to shoot survivors of said detonation with a firearm, all in violation of Title 18, United States Code, Sections 1114(3) and 1113.

## COUNT THREE
**[18 U.S.C. § 924(c)(1)(A)(i)]**

On or about July 27, 2011, in the Western District of Texas, the Defendant,

**NASER JASON ABDO,**

did knowingly possess the following firearm, to wit:

Aa Springfield Armory, .40 caliber, semi-automatic pistol;

in furtherance of a crime of violence for which he may be prosecuted in a court of the United States, to wit, Attempted Use of a Weapon of Mass Destruction, Title 18, United States Code, Section 2332a(a), all in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT FOUR
### [18 U.S.C. § 924(c)(1)(A) and (B)(ii)]

On or about July 27, 2011, in the Western District of Texas, the Defendant,

**NASER JASON ABDO,**

did knowingly possess a firearm, to wit, a destructive device, in furtherance of a crime of violence for which he may be prosecuted in a court of the United States, to wit, Attempted Use of a Weapon of Mass Destruction, Title 18, United States Code, Section 2332a(a), all in violation of Title 18, United States Code, Sections 924(c)(1)(A) and (B)(ii).

## COUNT FIVE
### [18 U.S.C. § 924(c)(1)(A)(i)]

On or about July 27, 2011, in the Western District of Texas, the Defendant,

**NASER JASON ABDO,**

did knowingly possess the following firearm, to wit:

A Springfield Armory, .40 caliber, semi-automatic pistol;

in furtherance of a crime of violence for which he may be prosecuted in a court of the United States, to wit, Attempted Murder of Officers or Employees of the United States, Title 18, United States Code, Sections 1114(3) and 1113, all in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT SIX
### [18 U.S.C. § 924(c)(1)(A) & (B)(ii)]

On or about July 27, 2011, in the Western District of Texas, the Defendant,

**NASER JASON ABDO,**

did knowingly possess a firearm, to wit, a destructive device, in furtherance of a crime of violence for which he may be prosecuted in a court of the United States, to wit, Attempted Murder of Officers or Employees of the United States, Title 18, United States Code, Sections 1114(3) and 1113, all in violation of Title 18, United States Code, Sections 924(c)(1)(A) and (B)(ii).

A TRUE BILL:

**SEALED DOCUMENT PURSUANT TO E-GOVERNMENT ACT OF 2002**

FOREPERSON

ROBERT PITMAN
United States Attorney

By: MARK L. FRAZIER
Assistant United States Attorney

By: GREGG N. SOFER
Assistant United States Attorney

4

SEALED _____
UNSEALED _X_

PERSONAL DATA SHEET
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

DATE: __11-08-2011__    MAG CT. # _W11-167M_    CASE NO. _W-11-CR-182_
COUNTY: _BELL_

JUDGE WALTER S. SMITH, JR.
ASSISTANT U. S. ATTORNEY _____ MARK L. FRAZIER _____

DEFENDANT: _NASER JASON ABDO_    DOB: ███
CITIZENSHIP:    United States _X_    Mexican ____    Other ____
INTERPRETER NEEDED:  Yes ____    No _X_    Language ____

DEFENSE ATTORNEY: _____ Donald Keith Dorsett and Dan MacLemore _____

DEFENDANT IS:    In Jail __YES__    WHERE: __McLennan County Jail__
                 On Bond _____
PROSECUTION BY:    INFORMATION ____    INDICTMENT ____
                   SUPERSEDING INDICTMENT _X_ (Adding Counts 4-9)

OFFENSE: (Code & Description) __COUNT ONE: 18 U.S.C. 2332a(a)(2)(D) -- Attempted Use of a Weapon of Mass Destruction; COUNT TWO: 18 U.S.C. 1114(3) -- Attempted Murder of Officers or Employees of the United States; COUNT THREE and COUNT FIVE: 18 U.S.C. 924(c)(1)(A)(i) -- Possession of a Weapon in Furtherance of a Federal Crime of Violence [Pistol]; COUNT FOUR and COUNT SIX: 18 U.S.C. 924(c)(1)(A) and (B)(ii) -- Possession of a Weapon in Furtherance of a Federal Crime of Violence [Destructive Device]__

OFFENSE IS:    FELONY _X_    MISDEMEANOR ____

MAXIMUM SENTENCE: __COUNT ONE: Up to LIFE imprisonment; $250,000 fine; $100 special assessment; up to Lifetime TSR; COUNT TWO: Up to 20 years imprisonment; $250,000 fine; $100 special assessment; up to 5 years TSR; COUNT THREE and COUNT FIVE: Not less than 5 years **MANDATORY to run consecutively to any sentence received in any other count**; $250,000 fine; $100 Special Assessment; not more than 3 years TSR; COUNT FOUR and COUNT SIX: Not less than 30 years **MANDATORY to run consecutively to any sentence received in any other count**; $250,000 fine; $100 Special Assessment; not more than 5 years TSR__

PENALTY IS MANDATORY:    YES concerning:
                         Special Assessment and TSR
                         Mandatory Minimum

REMARKS: ███