```
                    IN THE UNITED STATES DISTRICT COURT

                    FOR THE WESTERN DISTRICT OF TEXAS

                              WACO DIVISION

UNITED STATES OF AMERICA      *
                              *
                              *
VS.                           * CRIMINAL ACTION NO. W-11-CR-182
                              *
NASER JASON ABDO              *      July 12, 2012

    BEFORE THE HONORABLE WALTER S. SMITH, JR., JUDGE PRESIDING
                   HEARING ON POST TRIAL MATTER

APPEARANCES:

For the Government:         Mark Frazier, Esq.
                            Assistant United States Attorneys
                            PO Box 828
                            Waco, Texas 76701

For the Defendant:          Zachary L. Boyd, Esq.
                            PO Box 870
                            Copperas Cove, Texas 76522

Court Reporter:             Kristie M. Davis
                            United States District Court
                            PO Box 20994
                            Waco, Texas 76702-0994



    Proceedings recorded by mechanical stenography, transcript
produced by computer-aided transcription.
```

1  (July 12, 2012, 9:00, defendant present.)
2       LAW CLERK:  All rise.
3       THE COURT:  Be seated, everyone.
4       MS. WILLIS:  Hearing on post trial matter in Criminal
5  Action No. W-11-CR-182 styled United States of America vs.
6  Naser Jason Abdo.
7       MR. FRAZIER:  Mark Frazier for the United States.
8       MR. BOYD:  Zachary Boyd for Mr. Abdo, Your Honor.
9       THE COURT:  Good morning, Counsel.
10      Is Mr. White still also representing Mr. Abdo?
11      MR. BOYD:  Your Honor, Mr. White is still appointed on
12 this case as well.  He had a conflicting schedule and I told
13 him I would handle this proceeding this morning.
14      THE COURT:  Thank you.
15      Okay.  Mr. Abdo, you have filed an application or a motion
16 to the Court indicating that you want to represent yourself.
17 So before we go further I want to make sure you understand how
18 the proceedings will continue from this stage on.  The next
19 thing to happen will be for the probation department to
20 complete a presentence report.  That, I'm told, should be
21 completed within seven to ten days.  After that's done then
22 you, if you're representing yourself, or you and your attorneys
23 have the right to file objections to that report.  The
24 importance of that report is that it sets forth the guidelines
25 that determine the recommendation to me as to what your

1  sentence will be.  If there are legal objections that can be
2  made to that report, then it's very important that they be
3  made, and certainly I'm going to go into that in a minute, but
4  assuming for now that you're not a trained lawyer, you would
5  not be as able to do that as a lawyer would be.  Then once that
6  is done, we have a sentencing hearing.  At that hearing if
7  there are objections to the report, those are determined.  Each
8  side presents whatever evidence or argument it has to convince
9  me as to whether the objections should be granted or not.  Then
10 you would be given an opportunity to make whatever statement
11 you wish to make.  That's called the right of allocution.
12 Every defendant has the right to speak before they're
13 sentenced.  And I have the feeling at least that that might be
14 something that you're desiring to do.  So I want you to
15 understand that whether you represent yourself or whether
16 you're represented by an attorney, in either event you're going
17 to have the absolute right to make a statement to the Court
18 before you're sentenced.  Do you understand all that?
19       THE DEFENDANT:  Yes.
20       THE COURT:  Okay.  Then would you like to explain to me
21 why you are no longer happy -- and by the way, first of all,
22 Mr. Abdo, you have asked that Mr. Boyd no longer represent you.
23 You haven't mentioned anything about Mr. White.  So I don't
24 know if you're unhappy with both of your lawyers or only with
25 Mr. Boyd.  Would you like to explain to me what your situation

1   is?

2        THE DEFENDANT:  Well, since Mr. Boyd is currently heading

3   up the defense, naturally when I asked Mr. Boyd to withdraw I

4   was intending that to include Mr. White as well.

5        THE COURT:  Well, that may be natural to you, but it's not

6   to me, but now that you've said that then explain to me why

7   you're not happy with Mr. Boyd and Mr. White.

8        THE DEFENDANT:  I don't -- I don't think it's -- I don't

9   think it's anything monumental.  I think it's just a simple

10  inability to communicate and this is why I've asked Mr. Boyd to

11  withdraw, that I'd like to represent myself for the sentencing.

12       THE COURT:  Well, I don't know what there is to

13  communicate about at this point in time.  In a few days, as I

14  said a week to ten days, when the probation department presents

15  its presentence report, then it would be necessary for you to

16  communicate with your attorneys, to sit down with them and go

17  over that report line by line, I would expect, and discuss

18  which part of it you object to and which part of it you don't

19  object to, but up until then it's not essential that you have

20  any communication with your lawyers.  I know that you'd like to

21  be brought up to date on a regular basis.  Everyone in jail

22  would, but there's nothing happening.  Everybody's waiting for

23  the probation department to complete its presentence report.

24  So I don't know what -- what you say your failure to

25  communicate since there hasn't been any legal reason for you to

1  be communicating at this point in time.  Are you upset that

2  somebody hadn't been coming over to visit you just to visit

3  with you on a regular basis or what's the problem?

4          (Conference between the defendant and Mr. Boyd.)

5          THE DEFENDANT:  Yes, Judge Smith.  If you insist, I'll

6  answer the question, but I personally feel uncomfortable

7  discussing anything that's between me and my attorney to

8  anyone.  But if you -- if you insist, you are the judge in this

9  Court and I'll answer.  But I just usually don't discuss what's

10 going on with other people when it deals with me and Mr. Boyd.

11 I was just hoping if I could just say inability to communicate

12 that that would sum it up.

13         THE COURT:  Mr. Boyd, can you shed any light on the

14 situation?

15         MR. BOYD:  Your Honor, I think that Mr. Abdo is determined

16 and made a determination after his thought that he would better

17 represent himself.  He understands that I don't agree with

18 that.  He understands that in all likelihood this Court doesn't

19 agree with that, but he has got a desire to represent himself

20 from this point forward.  He has voiced that desire to me and I

21 am bound by attorney/client privilege to leave it at that, Your

22 Honor.

23         THE COURT:  Thank you, Mr. Boyd.

24         Mr. Abdo, let's establish some things for the record then.

25 I assume you're not an attorney and you've never studied law;

1  is that accurate?
2       THE DEFENDANT:  That's correct, Mr. Smith.  Judge Smith.
3       THE COURT:  Have you ever appeared in a courtroom before
4  or been charged with an offense in any way?
5       THE DEFENDANT:  No.  I haven't, Judge Smith.
6       THE COURT:  Well, once again you understand that the only
7  part of these proceedings remaining is to determine what your
8  sentence will be, that the manner in which that happens is
9  first that you receive and review a presentence report and then
10 if you're representing yourself that you file objections to
11 that report if you have any.  You recognize that someone who
12 hasn't had experience in doing that and who has no legal
13 training would be at a disadvantage over someone who has never
14 seen a presentence report, presumably, and who has no legal --
15 let me back up.  I think I said that backwards.  You recognize
16 that someone who has never seen a presentence report,
17 presumably, and has no experience in making objections would
18 have a disadvantage over someone who has a law degree and has
19 done that before and is familiar with presentence reports?  Do
20 you understand that?
21      THE DEFENDANT:  I understand that, Judge Smith.
22      THE COURT:  Understanding that and recognizing that you're
23 putting yourself at a disadvantage, is that still what you want
24 to do?
25      THE DEFENDANT:  Yes.  That's correct, Judge Smith.

1    THE COURT:  Has anyone suggested to you that you do this
2 or in any way required you to do this, or is this entirely your
3 own decision and voluntarily made?
4    THE DEFENDANT:  This is entirely my own decision, Judge
5 Smith.
6    THE COURT:  Mr. Abdo, do you have any questions you would
7 like to ask me about anything I've tried to explain to you this
8 morning about the procedures that will be followed from here on
9 in?
10    THE DEFENDANT:  If I understand you correctly, Judge
11 Smith, what you've told me is that there's a presentence report
12 that's going to be put forth in seven to ten days.  I'll
13 have -- I'll have the right to object to some things in that
14 report and also the right to allocution which is to speak at
15 the sentencing hearing which is dated for August 10th.  I take
16 it that those objections are in writing or can those be verbal?
17    THE COURT:  They need to be in writing.  They don't have
18 to be typed.  They can be handwritten just as the -- I assume
19 the motion you filed asking that your attorneys be removed was.
20 It does have to be in writing.  Yes.
21    THE DEFENDANT:  Well, all I would need to be provided
22 with, and I'm not exactly sure how I'd get that information, is
23 just someone to write to who would be able to address the
24 requests or the objections if I have any to the presentencing
25 report and of course I would expect --

1      THE COURT: Wait. Wait. Wait. I didn't understand that.
2 Someone you could write to to address the objections you have
3 to the report?
4      MR. BOYD: Your Honor, who he submits them to. I think
5 what he's getting at is who he submits his objections to.
6      THE COURT: Oh, you just send them to the Court or to the
7 Clerk of Court.
8      THE DEFENDANT: Well, as long as I be provided with that
9 address, and I'd assume that my jailers would -- my jailers
10 would help me in obtaining any other information or answering
11 questions I have through the facilities that they offer to
12 inmates who represent themselves.
13     THE COURT: I don't know what the jailers are going to do
14 and you can't rely on the jailers to give you any information
15 that would be helpful to you in this regard. The address is
16 very simply the U.S. District Court, 800 Franklin Avenue, Waco
17 and Mr. Boyd can give you that and write it down and you can
18 have that with you and that's where you mail whatever
19 objections you have.
20     As far as what happens in the jail, what -- how they
21 handle your situation is not something I'm aware of or have any
22 real control over, but if you are insisting that you want to do
23 this yourself, then you have the right to do that, Mr. Abdo.
24 And if that's what you're going to insist on, I'm -- I don't
25 have any choice but to allow you to do that if I'm convinced

1  that you're doing it voluntarily and with an understanding of
2  the risks you're taking and the disadvantage you're placing
3  yourself in.  So is that what you want to do?
4       THE DEFENDANT:  Yes.  That's what I'd like to do, Judge
5  Smith, and I have no further inquiries on the matter.
6       THE COURT:  All right.  Then, Mr. Boyd, you and Mr. White
7  will be allowed to withdraw.  If you'd make sure Mr. Abdo has
8  the proper address for mailing his objections to the Court,
9  that will be the extent of your obligations from here on out.
10       Anything further?
11       MR. BOYD:  Not at this time, Your Honor.
12       MR. FRAZIER:  No, sir.
13       THE COURT:  We'll stand in recess.
14       (Hearing adjourned at 9:14.)
15
16
17
18
19
20
21
22
23
24
25

```
 1  UNITED STATES DISTRICT COURT  )
 2  WESTERN DISTRICT OF TEXAS     )
 3
 4       I, Kristie M. Davis, Official Court Reporter for the
 5  United States District Court, Western District of Texas, do
 6  certify that the foregoing is a correct transcript from the
 7  record of proceedings in the above-entitled matter.
 8       I certify that the transcript fees and format comply with
 9  those prescribed by the Court and Judicial Conference of the
10  United States.
11       Certified to by me this 12th day of September 2012.
12
                             /s/ Kristie M. Davis
13                           KRISTIE M. DAVIS
                             Official Court Reporter
14                           P.O. Box 20994
                             Waco, Texas 76702-0994
15                           (254) 754-7444
                             kmdaviscsr@yahoo.com
```